Opinion of the Court.
IN October 1819, John Hart and Joseph Morgan, merchants, trading under the firm of Hart and Co. by the judgment of a justice of the peace of Mercer county, recovered $21 25 cents, and interest thereon from the 16th of September 1819, together with one dollar costs, against Robert Curry. On this judgment the justice issued an execution in favor of Hart and Co. against the estate of Curry, directed to a constable of Mercer county. The execution was delivered into the hands of Daniel Bohon, then a constable, and the amount thereof received by him from Curry ; and to recover for the failure of Bohon to pay the money so collected, to Hart and Co. this action of debt *23 was brought in the circuit court, in the name of the Commonwealth, for the use and benefit of Hart and Morgan, against Bohon and his surety, on the penalty of his bond given for the faithful discharge of the duties of his office as constable. There was a demurrer to the declaration, and the court rendered judgment thereon against the plaintiff.
The substantial requisites of a declaration on a constable’s bond for failing to pay over money collected by execution.
A circuit court has jurisdiction in such case, although the sum collected is less than $50; because, in such action, suit is brought and judgment rendered for the penalty of the bond.
1. The grounds upon which the demurrer was sustained are no where suggested in the record, and we are at a loss to conjecture what they were, unless it was supposed by the court that as the amount of money alleged to have been collected by the constable, is less than fifty dollars, the circuit court possessed no cognizance of the matter ; for upon the supposition of the cause of action being cognizable before the circuit court, the declaration must be admitted to contain a good cause of action. It sets forth the execution of the bond on which the suit is founded by the defendants, and after reciting the condition thereto annexed, alleges, substantially, every matter necessary to show a breach of the condition, by the collection of the money under the execution, by Bohon, the constable, and his refusal to pay it over to Hart and Co. for whose use the suit is brought.
2. And that the action was properly brought in the circuit court, we apprehend, admits of no serious question. The amount collected by the constable might, perhaps, have been recovered from the defendants by motion before a different tribunal ; but that circumstance does not prove that the circuit court possesses no cognizance of the case. There is nothing in the law providing a different remedy, indicating an intention in the legislature to defeat the circuit court of any jurisdiction which it previously possessed ; and the circumstance of a subsequent act of the legislature giving remedy before a different tribunal, in a matter previously cognizable in the circuit court, upon no principle of construction, can be expounded to defeat the circuit court of its jurisdiction. The remedy subsequently given would be barely cumulative, and the plaintiff might resort to either tribunal for redress. If the action had been brought on the assumpsit of the constable to pay the money which he collected, to Hart and Co. it would not be denied, but that the circuit court would possess no jurisdiction of the matter *24 ; for in that case, as the promise would be to pay a less sum than fifty dollars, under the general law regulating the jurisdiction of justices of the peace, the cause would be exclusively cognizable before them. But the present action is not brought on such a promise ; it is founded on the penalty of the constable’s bond, and as that penalty is above fifty dollars, the circuit court, under its general jurisdiction over sums above that amount, must be supposed to possess cognizance of the action. After a breach of the condition of the bond, the penalty, in legal contemplation, is the debt. The action of debt should demand the penalty, and although execution should not go for more than the amount of damages assessed under the assignment of breaches of the condition, judgment cannot be regularly rendered for less than the penalty. In an action of debt founded on the bond, therefore, the jurisdiction of the court must be tested by the amount of the penalty ; and consequently, in this case, the action was correctly prosecuted in the circuit court.
But of an action of assumpsit against the constable, where the sum collected did not exceed $50, the circuit court would not have jurisdiction.
The judgment must be reversed with costs, and the cause remanded for further proceedings, not inconsistent with the principles of this opinion.